705 So.2d 742 (1993)
Sandra Booth SCHMIDT, et al., Plaintiff-Appellant,
v.
Dr. John GREGORIO, et al., Defendant-Appellee.
No. 25305-CW.
Court of Appeal of Louisiana, Second Circuit.
October 27, 1993.
Rehearing Denied November 24, 1993.
B. Woodrow Nesbitt, Jr., Shreveport, for Sandra Booth Schmidt and David Bradley Schmidt.
Donald R. Miller, Shreveport, for Sandra Booth Schmidt and Steven Booth Schmidt.
Mark A. Goodwin, Shreveport, for HCA/Highland Hospital.
Lawrence W. Pettiette, Jr., Shreveport, for Dr. Judd Chidlow and Dr. Roan Flenniken.
Ansel Martin Stroud, III, Shreveport, for Dr. John Gregorio.
Before VICTORY, BROWN and WILLIAMS, JJ.
VICTORY, Judge.
In this supervisory writ, plaintiffs, Sandra Booth Schmidt, Steven Booth Schmidt and David Bradley Schmidt, ("Schmidts") seek review of the trial court's denial of their rule for declaratory judgment. We reverse.

FACTUAL BACKGROUND
This is a medical malpractice action, brought by the widow and the two surviving children of David W. Schmidt against HCA/Highland Hospital ("HCA"), the respondents here, and three individual doctors and their insurer, not respondents to this writ. The Schmidts' counsel contacted a number of former HCA employees and nurses to interview as potential witnesses in the case. None of the former employees contacted *743 are parties to the lawsuit and none are represented by counsel. HCA counsel objected and filed a complaint with the State Bar Association against the Schmidts' counsel claiming such actions were violations of Louisiana State Bar Association Rule of Professional Conduct 4.2. The complaint was dismissed, subject to further developments and rulings that might occur during the instant litigation.
The Schmidts then sought a declaratory judgment decreeing that, on the basis of Louisiana law, it was not inappropriate for their attorney to contact and interview former HCA employees without deposing them. The trial court denied the rule and found that for the purposes of Louisiana's Rule 4.2, both the present and former employees of HCA should be considered as parties represented by HCA's corporate attorney, and they could not be contacted for informal ex parte investigative fact finding, but, of course, could be noticed for formal discovery. This supervisory writ followed.

DISCUSSION
Louisiana State Bar Association Rule of Professional Conduct 4.2 provides that:
In representing a client, a lawyer shall not communicate about the subject of the representation with a party the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized by law to do so. A lawyer shall not effect the prohibited communication through a third person, including the lawyer's client.
Although this rule is essentially the same as American Bar Association Model Rule of Professional Conduct 4.2, it lacks the following ABA clarifying comment:
In the case of an organization, this rule prohibits communications by a lawyer for one party concerning the matter in representation with persons having a managerial responsibility on behalf of the organization, and with any other person, whose act or omission in connection with the matter may be imputed to the organization for purposes of civil or criminal liability, or whose statement may constitute an admission on the part of an organization.
As there is no existing jurisprudence in Louisiana providing guidance on this issue, the trial court relied upon the ABA comment, and the federal jurisprudence interpreting it, as persuasive authority. In particular, the trial court found that the decision in Public Serv. Elec. & Gas v. Associated Elec. & Gas, 745 F.Supp. 1037 (D.N.J.1990) operated to bar such ex parte contact with former employees. However, a recent ABA opinion interpreting Rule 4.2 and subsequent decisions questioning and rejecting Public Serv., supra, reach a different result. Hanntz v. Shiley, Inc., 766 F.Supp. 258 (D.N.J.1991) and Curley v. Cumberland Farms, Inc., 134 F.R.D. 77 (D.N.J.1991).
ABA formal ethical opinion 91-359 issued March 22, 1991, states that ABA Rule 4.2 does not, by its terms, apply to former employees. Although courts have used the rule in various ways, the opinion notes that the rule is limited to present employees. The comment under ABA Rule 4.2 limits even present employees with whom contact is prohibited: Ex parte contact should not be made with present corporate employees (1) who have managerial responsibility on behalf of the defendant corporation, (2) whose act or admission concerning the litigation subject matter may be imputed to the corporation, and (3) whose statement may constitute an admission by the corporation.
Since the ABA comment limits unrepresented corporate employees with whom ex parte communication is prohibited to the above three categories, the ABA 91-359 opinion finds the clear implication that communication with all other employees on the subject matter of the litigation is permissible without consent of the corporate attorney. After reviewing various authorities the opinion concludes that:
A lawyer representing a client in a matter adverse to a corporate party that is represented by another lawyer may, without violating Model Rule 4-2, communicate about the subject of the representation with an unrepresented former employee of the corporate party without the consent of the corporation's lawyer.
*744 We find ABA Formal Op. 91-359 and the cited jurisprudence to be persuasive. Accordingly, we hold that the Schmidts' counsel may contact the unrepresented former employees of HCA about the subject of the representation without violating Louisiana State Bar Association Rule of Professional Conduct 4.2, and is not merely relegated to formal discovery. The trial court erred in not granting the relief sought in their rule for declaratory judgment and in limiting contact to formal discovery.

DECREE
For the foregoing reasons, the judgment of the trial court is reversed and judgment is entered declaring that the attorneys for plaintiffs may, without violating the LBA Rules of Professional Conduct, contact former employees of the defendant hospital who are not parties defendant for the purposes of determining whether such former employees may be needed as witnesses in the trial of this case. All costs in this court and the trial court are to be borne by respondents.
REVERSED AND RENDERED.
HIGHTOWER, J., dissents and assigns reasons.
Before HIGHTOWER, BROWN and WILLIAMS, JJ.

ORDER
The opinion rendered in the above case on October 27, 1993, having been withdrawn from publication on November 24, 1993, is now being released for publication on November 21, 1997.
HIGHTOWER, J., dissents from publication of the opinion and assigns written reasons.
HIGHTOWER, Judge, dissenting.
The publication of this opinion, more than four years after its rendition, runs counter to the majority decision of the five-member rehearing panel that reviewed the matter at that time.
In view of this much-belated departure from constancy, it appears appropriate to briefly examine the procedural history involved. The supervisory writs issued on July 1, 1993. On several occasions beginning in early August 1993, HCA advised this court that an oral agreement had settled the underlying malpractice claim against that party, and, thus, given that the issue of interviews with its former employees had been mooted, no brief would be filed by the hospital. Subsequently, none of the defendants submitted briefs or participated in oral argument.
The three-judge panel rendered its opinion on October 27, 1993. Thereafter, in an application for rehearing, HCA asserted that the settlement check had been mailed on August 18, 1993, and that slightly revised documents of dismissal had been transmitted to opposing counsel on September 28, 1993. (As disclosed by attachments to plaintiffs' Opposition to Rehearing, the trial judge signed the order of dismissal on November 12.) More cogently, maintaining that the opinion addressed an issue of first impression in the absence of a truly adversarial proceeding, the defendant-respondent stated:
A matter as important as the one involved herein should be subjected to a full-blown adversarial proceeding where all sides of the issue can be given appropriate consideration. This Honorable Court has not heard both sides of the issue because of the settlement between HCA and the Schmidts.
Accordingly, the rehearing applicant requested that this court either recall the opinion or grant a full rehearing to allow the issue to be fully briefed and argued.
Judge Carl E. Stewart, then a member of this court, and this writer were added to the rehearing panel. After careful examination of the application and relators' opposition, we elected by majority vote to recall the opinion from publication. (See URCA 2-16.3.) Subsequently, despite rapid requests from the plaintiffs and an ethics advisory committee of the state bar association urging reconsideration of the publication status, the majority vote of the panel remained unchanged. Indeed, in view of such entreaties, the defendant respectfully sought to obtain our final decision regarding publication before delays *745 expired for filing a writ with the Louisiana Supreme Court.
Now, several years later, in response to yet another request to reconsider publication, and even in the absence of two members of the rehearing panel who have departed this court, that earlier decision not to publish has been revisited and abrogated by two of the remaining three judges. This action not only disregards the earlier careful deliberations in that regard, but also breaks faith with the litigants, viz., the defendant-respondent, in their reliance upon the finality of our previous determination.
Obviously, no judicial body should operate in such a fashion. For these reasons, I strongly dissent from the action now being taken, that is, the publication of this 1993 opinion contrary to the majority voice of the rehearing panel.